## FOURTH DEPARTMENT, NOVEMBER, 1922.

LUCY ROSEBROCK, as Administratrix, etc., of EDWIN D. ROSEBROCK, Deceased, Appellant, Respondent, *v.* GENERAL ELECTRIC COMPANY, .Appellant, and TONAWANDA POWER COMPANY, Respondent.

*Negligence — action to recover damages for death of plaintiff's intestate alleged to have resulted from leaving wooden packing blocks in transformers when electric current was turned on — instructions to jury — judgment for plaintiff affirmed.*

Appeals by the plaintiff from a judgment of the Supreme Court in favor of the defendant Tonawanda Power Company, entered in the Niagara county clerk's office November 25, 1921, dismissing the complaint as to said Tonawanda Power Company; also an appeal by the defendant General Electric Company from the judgment aforesaid, and also from a judgment in favor of the plaintiff, entered December 3, 1921, and an order entered February 23, 1922, denying a motion for a new trial.

Judgment and order affirmed, with costs. All concur, except Sears, J., who dissents in a memorandum.

Appeal taken by General Electric Company from judgment of nonsuit as to Tonawanda Power Company dismissed, with costs. Judgment of nonsuit affirmed, with costs. All concur.

SEARS, J. (dissenting): From the mass of testimony I have reached the conclusion that a question of fact is presented as to whether the catastrophe in this case resulted from the defective transformers (that is, defective because of the presence of the packing blocks) or from an entirely independent cause occurring outside of the building, for which the defendants would not be responsible. The court, however, charged the jury at the request of plaintiff's counsel as follows: " Mr. Ward: The only exception I have is to that portion of your Honor's charge in which your Honor said if it was true that the trouble started outside the building that under those circumstances the defendant may not be liable, would not be liable, and I ask your Honor to charge the jury in that connection if this thing or trouble did start outside the building and that the death of Rosebrock was proximately caused by the negligence of the defendant, as outlined by your Honor, in referring to the blocks in the transformers, then in that case the plaintiff could still recover. The Court: I so charge. Mr. Moot: Exception." While abstractly the charge so made would not be objectionable, in my opinion no particular part of the general occurrence can be fairly said to have been the cause of the death of the plaintiff's intestate. I, therefore, favor reversal of the judgment and a new trial so far as the defendant, General Electric Company, is concerned, and an affirmance of the judgment in favor of the Tonawanda Power Company.